**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ST. JUDE PACKAGING &
SPECIALTIES, INC.**                                                **PLAINTIFF/COUNTER-DEFENDANT**

**VS.**                                          **4:06CV01717-WRW**

**WORLD COLOR, INC.**                                        **DEFENDANT/COUNTER-CLAIMANT**

**ORDER**

This is a contract action in which St. Jude has sued World Color seeking payment for goods delivered. World Color filed a counter claim seeking a declaratory judgment as to the amount owed. Pending is St. Jude's Motion to Dismiss World Color's Counterclaim and for Clarification of Affirmative Defenses (Doc. No. 14). World Color has responded (Doc. No. 19).

This is a diversity action over which federal courts have jurisdiction. However, even if diversity does not exist, "federal courts must exercise jurisdiction over a declaratory judgment claim unless there are 'exceptional circumstances' for not doing so."[1] In this case, St. Jude has failed to note "exceptional circumstances" exist.

St. Jude argues that World Color's declaratory judgment action should be dismissed because it is actually seeking *quantum meruit* -- a finding that the contract price is limited to the value World Color places on the goods. However, the pleadings do not support St. Jude's argument. Instead, without suggesting a legal theory, World Color asks me to review the agreements and determine, under contract, what it in fact it owes St. Jude for the products received.

---

[1] *Continental Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1006 (8th Cir. 2006) (citing *Scottsdale Insurance Company v. Detco Industries, Inc*., 426 F.3d 994, 999 (8th Cir. 2005)).

The Eighth Circuit has adopted a six-factor test to guide district courts in deciding when declaratory judgments should be considered.[2] Since there is no concurrent state jurisdiction, factors one and two are applicable to this case. In particular, although St. Jude's breach of contract action and World Color's action for declaratory judgment are similar in that they both seek a determination of what is owed for the products provided, World Color's declaratory judgment action may "clarify and settle legal relations in issue" as required by the first factor.[3] For this reason, Plaintiff's Motion to Dismiss Defendant's Counterclaim is DENIED.

Plaintiff also asks that Defendant provide clarification of its affirmative defenses. There is no requirement in the federal rules that affirmative defenses raised in an answer be factually supported or clarified. This case began on December 21, 2006, and discovery has yet to begin. Additionally, Defendant has stated that once discovery has commenced it anticipates more specifically detailing the affirmative defenses it will assert at the trial of this case. Accordingly, Plaintiff's Motion for Clarification of Affirmative Defenses is DENIED.

IT IS SO ORDERED this 8th day of February, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] *Scottsdale*, 426 F.3d at 998 ((1) whether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action in pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing--that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.).

[3] *Id*.