**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ST. JUDE PACKAGING
& SPECIALITIES, INC.**                                                                                    **PLAINTIFF**

v.                                        4:06CV01717-WRW

**WORLD COLOR, INC.**                                                                                    **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Quash Subpoena (Doc. No. 42). Plaintiff has responded (Doc. No.46 ). This is a contract action, in which Plaintiff alleges that Defendant breached its contract by refusing to pay full price.

Wal-Mart, a non-party to this litigation, contracted with Defendant to design displays for its stores. Defendant, then contracted the manufacture of the displays with Plaintiff. Plaintiff seeks to establish its contract price by showing that Defendant's bid to Wal-mart was based on its production bid. Plaintiff has served a subpoena on a Wal-Mart employee, Mr. Jeremy Williams, seeking testimony that will show Wal-Mart accepted a price from Defendant that was based on its quote.

Federal Rule of Civil Procedure 45 governs the manner in which parties may obtain evidence by subpoena. Rule 45(c) is intended to prevent abuse of the subpoena power and requires that a district court protect the property rights of the person subject to the subpoena:

If a subpoena

(3)(A)(iv) subjects a person to undue burden

(B)(i) requires disclosure of a trade secret or other confidential research, development, or commercial information,

* * *

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena

is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.[1]

Furthermore, Fed. R. Civ. P. 26(b)(1) provides "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2]

"The burden of proving that a subpoena is oppressive is on the party moving to quash and is a heavy one."[3] Defendant has not shown that the subpoena would cause any undue burden, harassment, or embarrassment. Plaintiffs are correct, that Mr. Williams is a central figure in Defendant's dealings with Wal-Mart and that his deposition testimony could lead to the discovery of admissible evidence. Accordingly, Defendant's Motion to Quash is DENIED.

IT IS SO ORDERED this 24th day of July, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] Fed. R. Civ. P. 45(c)(3)(B).

[2] Fed. R. Civ. P. 26(b)(1).

[3] *Plant Genetic Systems, N.V. v. Northrup King Co., Inc.*, 6 F. Supp.2d 859, 862 (E.D. Mo. 1998).