**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ST. JUDE PACKAGING & SPECIALTIES, INC.**                       **PLAINTIFF**

**v.**                      **4:06CV001717-WRW**

**WORLD COLOR, INC.**                       **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Compel the Production of Documents (Doc. No. 51). Plaintiff has responded (Doc. Nos. 53). Plaintiff alleges that Defendant breached the parties' contract by refusing to pay full price. Defendant maintains that Plaintiff charged an excessive and unreasonable amount for goods and services provided under the contract.

Defendant asked Plaintiff to provide information regarding the mark-up of the materials and services provided by Plaintiff. However, Plaintiff objected to Defendant's Request for Production of Documents numbers 30, 31, 32, 35, and 36. Plaintiff asserts that Defendant's requests will not lead to the discovery of admissible evidence.

Rule 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."[1] Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2] Under Rule 26, the term "relevant" is to be considered broad

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] *Id*.

in scope and may encompass any matter that bears on, or that could lead to other matters that bear on, any issue that is or may be in the case.[3]

Defendant provided a reasonable basis for all discovery objected to by Plaintiff. Defendant's discovery request relates to a relevant inquiry into the allegations of excessive and unreasonable mark-ups. Accordingly, Plaintiff's objections are overruled, and Plaintiff has thirty (30) days in which to respond to Defendant's Request for Production dated August 27, 2007.

Additionally, pending is Plaintiff's Motion in Limine (Doc. Nos. 55). Defendant has responded (Doc. Nos. 57). After hearing each counsel's position on the Motion in Limine, I will review further transcripts and documents before ruling. The Court takes the Motion in Limine under advisement at this time.

IT IS SO ORDERED this 30th day of January, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] *Oppenheimer Fund v. Sanders*, 430, US 340, 351; 98 S.Ct. 2380; 57 L. Ed. 253 (1978).