|  |  |  |
|---|---|---|
| AREDdb_wrwchambers/ARED/08/USCOURTS<br>Sent by: Genoveva Gilbert<br><br>06/01/2009 04:06 PM | To | dfuqua@fc-lawyers.com, jbequette@bbpalaw.com |
| | cc | |
| | bcc | Kay Phillips/ARED/08/USCOURTS |
| | Subject | St. Jude Packaging & Specialties, Inc. v. World Color, Inc. -- 4:06-CV-01717-WRW |

Dear Counsel:

I would like a 15-minute honed-down, pithy opening statement from each side in the morning.

Among other things, I would like Plaintiff's counsel to address the specific U.C.C. provision upon which Plaintiff relies.

As I understand it, both parties agree that a price was not set when there was some "agreement" reached regarding the supplying of the kits.

When was a specific price set? Upon what evidence does Plaintiff rely in support of this?

In my opinion, the recorded telephone conversation is admissible, and I see no reason to disagree with the Florida court which dismissed a suit for lack of jurisdiction. It seems to me that Arkansas and/or Federal evidentiary law is applicable, and that the taping of the conversation was not illegal. I so rule, and definitively so -- Defendant's objection to my ruling is noted, and its exception saved.

If need be, I will rule at some point as to whether the payment to the two employees of Defendant was a commission or a kickback. This is an indefinite ruling, so no parties' position, at this point, is reserved or preserved -- insofar as this particular point is concerned.

Cordially,

Wm. R. Wilson, Jr.

Original to the Clerk of the Court