IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ST. JUDE PACKAGING AND SPECIALTIES, INC.                                      PLAINTIFF

VS.                                    CASE NO. 4:06-CV-00001717 WRW

WORLD COLOR, INC.                                                            DEFENDANT

## JUDGMENT

The above-reference cause came on for trial before the Court on June 2, 2009, the

Plaintiff, St. Jude Packaging and Specialties, Inc., appeared by its representative, Ken Rasner and

by its attorneys, Fuqua Campbell, P.A., and the Defendant, World Color, Inc., appeared by its

representative, Steve Elston, and its attorneys, Bequette and Billingsley, P.A. and from the

testimony presented and the exhibits received into evidence, the Court finds as follows:

## FINDINGS OF FACT

1.      St. Jude Packaging and Specialties, Inc. ("St. Jude") is an Arkansas corporation

with its principal place of business in Little Rock, Arkansas.

2.      World Color, Inc. ("World Color") is a Florida corporation with its principal place

of business in Ormond Beach, Florida.

3.      St. Jude is in the business of manufacturing custom packaging and retail display

materials such as the kind at issue in this case.

4.      On August 15, 2006, Chris Klein, an agent for World Color, sent an e-mail to Ken

Rasner, at the time President of St. Jude, with a request for a quote on a project World Color

intended to propose to Wal-Mart Stores, Inc. for the production of shelf displays (the "goods").

5.      The project was intended to create in-store displays for holiday tableware to be

sold under the "Colin Cowie" brand.  The project became known as the "Colin Cowie project."

1

6.      Prior to submitting its proposal to Wal-Mart and receiving a work order from Wal-Mart, World Color obtained no quotes for the goods from anyone other than St. Jude.

7.      On August 18, 2006, Rasner sent World Color a quote on the Colin Cowie project totaling $1,539,102.96.

8.      Wal-Mart requested a quote from World Color for the Colin Cowie project without a display part called an "End Coffin."

9.      On August 23, 2006, Klein emailed a revised quote to Wal-Mart (Plaintiff's Exhibit 5) containing a quote without End Coffins (Version 2).

10.     St. Jude's quote of August 18, 2006 did not have a price specific to the Version 2 configuration.

11.     Klein based his August 23, 2006 quote to Wal-Mart on the one he received from St. Jude on August 18, 2006 (Plaintiff's Exhibit 5 and Plaintiff's Exhibit 1).

12.     World Color marked St. Jude's quoted price up by 6.9% before sending it to Wal-Mart.  (Plaintiff's Exhibit 5 and Plaintiff's Exhibit 1).

13.     The total price for Version 2 was $814,007.29 (Plaintiff's Exhibits 5 and 1).

14.     On August 30, 2006, Wal-Mart issued a Work Order to World Color ordering the goods as described in Version 2 of Klein's quote of August 23, 2006, and this Work Order was for a total amount of $814,007.29 (Plaintiff's Exhibit 6).

15.     The price stated by Wal-Mart ($814,007.29) corresponds to the Version 2 configuration of the goods, and is based on the quote provided by St. Jude.

16.     On August 30, 2006, when Rasner was in the World Color offices in Bentonville, Arkansas, he was told that St. Jude had the job to produce the goods.

2

17.     On September 14, 2006, Rasner sent revised pricing to World Color and included a statement in his e-mail that the price included a 5% sales commission for Klein and Steve Kruse (another of World Color's agents in Bentonville).  The Court finds no significance in the 5% commission and credits Rasner's view of the basis for including the commission.

18.     St. Jude's stated price on September 14, 2006 was the price for the goods without the End Coffins.

19.     This revised quote on September 14, 2006 totaled $693,455 (Plaintiff's Exhibit 21).

20.     The evidence adduced at trial shows that Elston and Klein knew that the price of the goods would change as the Colin Cowie project progressed.

21.     St. Jude's price did change as the Colin Cowie project progressed.

22.     World Color obtained bids only from St. Jude on Version 2 of the Colin Cowie project and knew when St. Jude provided its bid that the project would change as it progressed.

23.     World Color intended to be bound to use St. Jude as its supplier in providing Wal-Mart with the Colin Cowie displays and St. Jude knew that the price would change as the project progressed.

24.     Elston knew that there would not be much mark-up on the Colin Cowie project for World Color and this was acceptable to him.

25.     World Color's original mark-up to St. Jude's quote was 6.9%, but World Color's profit increased because St. Jude's price decreased.

26.     On October 31, 2006, World Color invoiced Wal-Mart for the goods in the amount of $814, 007.29 (Plaintiff's Exhibit 37).

27.     Wal-Mart paid World Color $814,007.29.

28.     On December 11, 2006, World Color invoiced Wal-Mart $18,635.00 for graphics changes, and Wal-Mart paid this amount to World Color.

29.     On December 11, 2006, World Color invoiced Wal-Mart $13,483.26 for 54 additional kits, and Wal-Mart paid this amount to World Color.

30.     On October 9, 2006, Elston thought World Color should pay St. Jude $528,806.40 (Plaintiff's Exhibit 56). There is no evidence that Elston thought this amount was unreasonable.

31.     St. Jude began to ship the goods on October 11, 2006.

32.     St. Jude Invoice No. 18922 is for the following goods with a total price of $590,322.90:

| Trait Number | Quantity | Unit Price | Total Price |
|---|---|---|---|
| Trait # 102998 | 1,106 | $245.25 | $271,246.50 |
| Trait # 102999 | 882 | $172.82 | $152,427.24 |
| Trait # 103443 | 830 | $99.32 | $82,435.60 |
| Trait # 103444 | 233 | $203.76 | $47,476.08 |
| Trait # 2659 | 264 | $68.57 | $18,102.48 |
| Graphics Changes | 1 | | $18,635.00 |

(Plaintiff's Exhibit 36).

33.     St. Jude Invoice No. 19079 is for nine additional units produced by St. Jude for a total price of $1,988.89, as follows:

| Trait Number | Quantity | Unit Price | Total Price |
|---|---|---|---|
| Trait # 102998 | 7 | $245.25 | $1,716.75 |
| Trait # 102999 | 1 | $172.82 | $172.82 |
| Trait # 103443 | 1 | $99.32 | $99.332 |

4

(Plaintiff's Exhibit <u>36</u>).

34.     St. Jude's direct cost to produce the goods for the Colin Cowie project totaled $313,146.83 (Plaintiff's Exhibit <u>39</u>).  The value-added costs reflected in Plaintiff's Exhibit <u>39</u> are not direct costs incurred by St. Jude to produce the goods but are a part of its general overhead or mark-up.

35.     On November 29, 2006, World Color issued Purchase Order No. 7837 to St. Jude for the Colin Cowie project in the amount of $282,521.69 (Plaintiff's Exhibit <u>40</u>).

36.     This Purchase Order was for less than St. Jude's out-of-pocket cost to produce the goods.

37.     On December 1, 2006, World Color issued Purchase Order No. 7839 to St. Jude in the amount of $18,635.00 for the additional graphics charges (Plaintiff's Exhibit <u>41</u>).

38.     Although World Color invoiced Wal-Mart for 54 additional kits, on December 1, 2006, World Color issued Purchase Order No. 7838 to St. Jude in the amount of $1,988.89 for the nine additional traits invoiced by St. Jude (Plaintiff's Exhibit <u>42</u>).

39.     At no time prior to the shipment of the goods did World Color protest or notify St. Jude that World Color believed there was not an agreement as to the price to be paid for the goods.

40.     St. Jude's invoices to World Color totaled $592,311.79 ($590,322.90 + $1,988.89)(Plaintiff's Exhibit <u>36</u>), which includes the increased graphics charge of $18,635.00.

41.     Based on its actual cost to produce the goods ($313,146.83), *see* paragraph 34 above, St. Jude's invoice price represents a 47% gross profit margin.

42.     St. Jude's evidence of comparable jobs (Plaintiff's Exhibit <u>48</u>) contains few other jobs with a gross profit margin of 47% or more.

5

43.     In this case 42% is a reasonable gross profit margin for St. Jude to produce the goods.

44.     Based upon its cost of producing the goods ($313,146.83), a gross profit margin of 42% equals a rounded price for the goods of $539,500.00.

## CONCLUSIONS OF LAW

1.     This Court has jurisdiction of the parties and of the subject matter of this case pursuant to 28 U.S.C. § 1332.

2.     A substantial part of the events giving rise to this claim occurred in the Eastern District of Arkansas, and venue is proper for this action in Eastern District of Arkansas, Western Division, pursuant to 28 U.S.C. § 1391(a).

3.     The parties had a contract that was firm in its terms except for the price to be paid for the good by World Color.

4.     The parties agreed that they would arrive at a price but failed to do so.

5.     Ark. Code Ann. § 4-2-305(1)(b) is applicable to this case and provides as follows:
The parties if they so intend can conclude a contract for sale even though the price
is not settled.  In such a case the price is a reasonable price at the time of delivery
if * * * the price is left to be agreed by the parties and they fail to agree.

6.     St. Jude is therefore entitled to receive a reasonable price for the goods that it sold to World Color.

7.     St. Jude is entitled to judgment in the principal amount of $539,500.00.

8.     Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment; this interest must be allowed for any injury where, at the time of loss, damages are immediately ascertainable with reasonable certainty. *TB*

*of Blytheville, Inc. v. Little Rock Sign & Emblem, Inc.*, 328 Ark. 688, 946 S.W.2d 930 (1997). Where prejudgment interest is collectible at all, the injured party is always entitled to it as a matter of law. *Id.*

9.     St. Jude is entitled to prejudgment interest in this case from December 22, 2006 forward, having invoiced World Color on November 22, 2006 on a "net 30" basis (Plaintiff's Exhibit 36). In a diversity case, state law controls the question of pre-judgment interest. *Trinity Products, Inc. v. Burgess Steel, L.L.C.*, 486 F.3d 325, 335 (8th Cir. 2007).

10.     Prejudgment in Arkansas is governed by Ark. Code Ann. § 16-65-114 which provides for interest prior to judgment at the rate of 10% per annum.

11.     The amount of prejudgment interest due in this case is $131,994.33 (per diem amount of $ 147.81 for 893 days from December 22, 2006 to June 2, 2006).   Prejudgment interest should accrue from June 2, 2009 until judgment is entered at the rate of $147.81 per day.

12.     Post judgment interest is governed by 28 U.S.C. § 1961, which provides at the time of judgment in this case an interest rate of 0.47% per annum.

13.     St. Jude is entitled to recover its attorney's fees and costs pursuant to Ark. Code Ann. § 16-22-308 and shall make a timely petition for said fees and expenses.

William R. Wilson, Jr.
United States District Judge

Date: _____

Prepare by:
David M. Fuqua
Ark. Bar No. 80048
E-mail: dfuqua@fc-lawyers.com
FUQUA CAMPBELL, P.A.
425 West Capitol Avenue, Suite 400
Little Rock, Arkansas 72201
(501) 374-0200
Attorneys for the Plaintiff,
 St. Jude Packaging & Specialties, Inc.