**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ST. JUDE PACKAGING AND SPECIALTIES, INC.**                    **PLAINTIFF**

**vs.**                              **4:06CV01717-WRW**

**WORLD COLOR, INC.**                                            **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant's Motion For New Trial or, Alternatively, For Reconsideration of

Judgment (Doc. No. 123). Plaintiff has responded (Doc. No. 127). For the reasons set out below,

Defendant's Motion is DENIED.

**I. Motion For a New Trial**

Defendant asks for a new trial, or for reconsideration of judgment, under

Fed. R. Civ. P. 59. Defendant asserts that a number of the Court's findings are unsupported by

the facts, including, among others, the Court's findings that: (1) there was "no significance" in

Rasner's inclusion in St. Jude's price of a five percent sales commission to Klein and Kruse;

(2) "evidence adduced at trial shows that Elston and Klein knew that the price of the goods

would change as the Colin Cowie project progressed"; and (3) "there is no evidence that Elston

thought [that payment to St. Jude in the sum of $528,806.40] was unreasonable" on October 9,

2006.[1]

---

[1]Doc. No. 124.

1

The Court is the finder of fact in non-jury trials.[2] Only clearly erroneous findings of fact will be set aside.[3] My findings of fact were made based on the evidence presented at trial, and were made considering the witnesses' credibility. Based on the evidence, I disagree that the findings of fact challenged by Defendant are clearly erroneous. Defendant's Motion for a New Trial is DENIED.

**II. Prejudgment Interest**

Defendant asserts that an award of prejudgment interest is not proper in this case because the damages were "not by their nature capable of exact determination, either in time or amount."[4] Defendant cites *Ray & Sons Masonry Contractors, Inc. v. Unites States Fidelity & Guarantee Company*[5] in support of its position that an award of prejudgment interest is not proper in this case. In *Ray & Sons*, the hotly contested damages were in connection with allegedly defective masonry work, and the parties never agreed what amount of work was done correctly and what amount of work was defective.[6] As stated in *Ray & Sons*: "[p]rejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that makes is possible to compute the amount without reliance on

---

[2]Fed. R. Civ. P. 52(a)(1).

[3]Fed. R. Civ. P. 52(a)(6). "Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." *Id.*

[4]Doc. No. 124.

[5]353 Ark. 201 (2003).

[6]*Id.* at 208-09.

2

opinion or discretion."[7] "[I]f the damages are not by their nature capable of exact determination, both in time and amount, prejudgment interest is not an item of recovery."[8]

In this case, Plaintiff provided a definite number of Colin Cowie displays. The evidence presented at trial made it possible to determine a reasonable contract price. Accordingly, Plaintiff is entitled to recover prejudgment interest.

### III.    Attorney's Fees

Defendant maintains that Plaintiff is not entitled to attorney's fees because there was no written contract.[9]  Attorney's fees may be awarded to the prevailing party in a breach of contract case[10] even when the contract was an oral contract.[11] Defendant's Motion is denied as it relates to attorney's fees.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion (Doc. No. 123) is DENIED.

IT IS SO ORDERED this 19th day of June, 2009.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[7]*Id.* at 223-24.

[8]*Id.* at 224.

[9]Doc. No. 124.

[10]Ark. Code Ann. § 16-22-308.

[11]See *Woohaven Homes, Inc. v. Kennedy Sheet Metal Co.*, 304 Ark. 415, 420 (1991).