**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**ST. JUDE PACKAGING AND SPECIALTIES, INC.**                    **PLAINTIFF**

**vs.**                              **4:06CV01717-WRW**

**WORLD COLOR, INC.**                                          **DEFENDANT**

**ORDER**

Pending is Plaintiff's Motion for Attorneys Fees (Doc. No. 125). Defendant has

responded (Doc. No. 129). For the reasons set out below, Plaintiff's Motion is GRANTED.

Plaintiff asks for attorneys' fees in the amount of $79,969.50 and for costs of $4,614.57.[1]

Defendant contends that Plaintiff is not entitled to attorneys' fees under Arkansas law,[2] or, in the

alternative, that the Court should reduce the amount of fees requested based on inappropriate

charges including: charges for litigation unrelated to this case; fees and costs associated with

collection of the judgment; and excessive attorney time.

**A. Charges for Litigation Unrelated to this Case**

Defendant points out that Plaintiff requests fees incurred in connection with the Florida

state court action regarding Plaintiff's alleged violation of Florida's wiretapping laws.[3]

Defendant identifies several time entries relating to the Florida litigation, and contends that fees

in connection with those entries should not be granted. I agree. Fees in the amount of $562.50 for

---

[1]Doc. No. 125-2.

[2]The Court addressed this argument in a June 19, 2009, Order (Doc. No. 128).

[3]Doc. No. 130.

1

the following time entries are inappropriate: 106003 ($225.00); 106008 ($45.00); 106009 ($112.50); 106048 ($112.50); 112192 ($67.50); and a September 12, 2008, entry for which there was no charge.

Defendant contends that a $35.29 charge for FedEx shipping to Florida (Slip ID 106942) is also inappropriate. Defendant also disputes a $45.00 charge (Slip ID107352) for review of a letter in connection with dismissal of a matter from Judge Humphrey's court. I will not award those charges, which total $75.29.

**B.     Fees and Costs Associated with Collection of the Judgment**

Defendant asserts that the $1,000 cost of an asset search on April 13, 2009, and the $39.00 miscellaneous charge from the Clerk of the Middle District of Florida on June 8, 2009, are connected with post-judgment collection and should not be allowed. I agree.

Also, I will not award the June 7, 8, and 9, 2009, fees and costs -- which total $973.50 -- related to researching and drafting the fee petition.

**C.     Excessive Attorney Time**

Defendant contends that $1,440.00 in fees claimed for Mr. Baugh's attendance at trial should not be awarded because Mr. Baugh did not participate in the trial.[4] I disagree. Plaintiff's attorneys' transactions listing report indicates that Mr. Baugh reviewed trial exhibits in preparation for assistance at trial.[5] That Mr. Baugh did not speak at trial does not equate to Mr. Baugh not participating in the trial.

---

[4]Doc. No. 130.

[5]Doc. No. 125-2.

**CONCLUSION**

Plaintiff's Motion (Doc. No. 125) is GRANTED. Plaintiff is awarded $3,575.57 in costs

($4,614.57 - $1,039.00), and $78,358.21 ($79,969.50 - $1,611.29[6]) in attorneys' fees.

IT IS SO ORDERED this 15th day of July, 2009.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6]$1,611.29 is the sum of the following disallowed charges: $562.50; $75.29; and $973.50.